UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>         v.<br><br>BOBBY GUTIERREZ,<br>    *Defendant.* | No. 3:16-cr-0114 (VAB) |

**RULING AND ORDER ON MOTION TO REDUCE SENTENCE**

Bobby Gutierrez ("Defendant") filed a *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Mot. for Reduction of Sentence, ECF No. 531 (Dec. 26, 2023) ("*Pro Se* Mot.").

A motion to reduce sentence by counsel under 18 U.S.C. § 3582 has also been filed. Mot. to Reduce Sentence, ECF No. 539 (Jan. 29, 2024) ("Mot.").

The Government has filed a response against any reduction in sentence. Response re Motion to Reduce Sentence, ECF No. 540 (Feb. 5, 2024) ("Response").

For the reasons set forth below, Mr. Gutierrez's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

**I.    BACKGROUND**

On November 21, 2016, Mr. Gutierrez pled guilty to Counts One and Two of an indictment charging him with conspiracy to possess with intent to distribute, five kilograms or more of cocaine (Count One), and one kilogram or more of heroin (Count Two) in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(ii), and 841(b)(A)(i). Plea Agreement, ECF No. 146 (Nov. 21, 2016).

On April 24, 2017, the Court sentenced Mr. Gutierrez to a term of imprisonment of 160 months on Counts One and Two, to be served concurrently; a five-year term of supervised

release; and a special assessment of $200. Judgment, ECF No. 308 (May 8, 2017). Count Three was dismissed upon the Government's oral motion. Minute Entry, ECF No. 295 (Apr. 24, 2017).

On July 9, 2020, Mr. Gutierrez filed a motion to reduce his sentence under the First Step Act. First Mot. to Reduce Sentence, ECF No. 477 (July 9, 2020).

The Court denied this motion on August 3, 2020. Ruling and Order on First Step Act Mot., ECF No. 485 (Aug. 3, 2020) ("Order on First Step Act Mot.").

On December 13, 2023, Mr. Gutierrez filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

On January 1, 2024, the Probation Office filed a supplemental presentence investigation report and sentencing recommendation related to Mr. Gutierrez's motions. Presentence Investigation Report, ECF No. 532 (Jan. 5, 2024) ("PSR"); Sealed Sentencing Recommendation, ECF No. 533 (Jan. 5, 2024) ("Sentencing Rec.").

On January 29, 2024, counsel for Mr. Gutierrez fled a motion to reduce sentence under 18 U.S.C. § 3582(c)(2).

On February 5, 2024, the Government filed a response to both motions to reduce sentence.

On February 7, 2024, Mr. Gutierrez filed a reply to the Government's response. Reply, ECF No. 541 (Feb. 7, 2024) ("Reply").

## II.    STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." *United States v. Elendu*, No. 20-CR-179-14 (DLC), 2024 WL 458643, at *2

2

(S.D.N.Y. Feb. 6, 2024) (citing *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020)).

Courts must arrive at two conclusions before applying a retroactive guidelines amendment to a particular sentence: (1) "the court must find that a defendant is eligible for a reduction"; and (2) "the court, in its discretion, must find that a reduction is merited." *United States v. Blackwell*, No. 3:20-CR-126-4 (OAW), 2024 WL 489155, at *1 (D. Conn. Feb. 8, 2024) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

"[A] court may reduce the term of imprisonment after considering the factors set forth in section 3553(a)[,] and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission" in U.S.S.C. § 1B1.10. *Martin*, 974 F.3d at 136 (citation omitted). A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing, *Dillon*, 560 U.S. at 827, and generally, courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

**III.   DISCUSSION**

"Amendment 821 went into effect on November 1, 2023, and was made retroactive by the United States Sentencing Commission." *United States v. Akintola*, No. 21 CR. 472-3 (KPF), 2024 WL 1555304, at *13 (S.D.N.Y. Apr. 10, 2024) (citing U.S.S.G. § 1B1.10(d)). "Part A of Amendment 821 modified the calculation of 'status points' added to a defendant's criminal history score under U.S.S.G. § 4A1.1. . . . Amendment 821 eliminated [subsection 4A1.1(d)] and replaced it with the following provision: 'Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.' *Id.*; U.S.S.G. § 4A1.1(e)." *United States v. Lucas*, No. 22-CR-290,

3

2024 WL 3718658, at *2 (E.D.N.Y. Aug. 8, 2024).

Both parties agree that, under Amendment 821, Mr. Gutierrez would not be assessed any "status points," whereas under the previously guidelines he would have been assessed two status points. *See* Response at 9–10; Mot. at 2. Two fewer status points puts Mr. Gutierrez in criminal history category III, instead of his previous category of IV. *See* Response at 10–11; Mot. at 2. The adjusted sentencing guideline range is 121 to 151 months. *See* Response at 11; Mot. at 3; *see also* PSR at 2. When the Court first sentenced Mr. Gutierrez, the sentencing guideline range was 135 to 168 months. *See* PSR at 2.

As to the consequences of this adjusted Sentencing Guideline range, the parties disagree.

Mr. Gutierrez asks the Court to reduce his sentence to one in the guidelines range. Mot. at 5.[1] Mr. Gutierrez argues that his lack of disciplinary tickets, participation in programming, and employment demonstrate rehabilitation. *Id*. at 4. Additionally, Mr. Gutierrez provides a brief release plan that he says will remove him from environmental factors that contributed to his previous convictions. *Id.* at 5–6.

The Government argues that the seriousness of the initial crime, as well as the interests of "promot[ing] respect for the law and provid[ing] just punishment" weigh against a sentence reduction. Response at 14–15. The Government states that there "would effectively be no incremental punishment" if Mr. Gutierrez's sentence were reduced to one 151 months or fewer, as this conviction occurred when Mr. Gutierrez was on supervised release from a sentence of 151 months for a similar crime. Response at 14 n.3.

The Probation Office agrees with Mr. Gutierrez, and recommends a sentence of 136 months, noting that Mr. Gutierrez has "maintained clear conduct while in BOP custody and has

---

[1] In his *pro se* motion, Mr. Gutierrez requested 135 months specifically. *Pro Se* Mot. at 5.

4

engaged in some programming." Sentencing Rec. at 1.

The Court agrees as to the revised Sentencing Guideline range, but disagrees that Mr. Gutierrez's sentence should be lowered as a result.

The Court recognizes the strides Mr. Gutierrez has taken while incarcerated, including taking classes and having no disciplinary record for the current period of incarceration. *See* Mot. at 4. The Section 3553(a) factors and Mr. Gutierrez's criminal history, however, weigh against reducing his sentence.

During its original sentencing, the Court weighed the necessity of imposing a sentence higher than 151 months, given Mr. Gutierrez's criminal history and the factors of deterrence and just punishment for the offense. *See, e.g.*, Sentencing Tr. at 42, ECF No. 342 (July 7, 2017) ("Tr.") ("[The Court:] Looking at the factors that I have weighed, your background and characteristics, the most significant thing is that you committed these crimes while on supervised release from a 151-month sentence for drug trafficking. It raises significant questions about whether you are able to stop living this lifestyle without a significant term of imprisonment, one above the previous term."); *id.* at 45 ("[The Court:] And I very specifically have spent time grappling with whether or not it's imperative for me to provide a sentence above that 151-month sentence you received previously given that you served that time and then continued to engage in the behavior that brought you here the first time and that brings you here again."); *see also* Order on First Step Act Mot. at 10 ("Mr. Gutierrez's current term of incarceration stems from a serious violation of the terms of supervised release, following another long period of incarceration.").

These considerations are still relevant, and the Court finds that, given Mr. Gutierrez's criminal history—specifically that current offense occurred while on supervised release from a 151 month sentence—the previously-imposed sentence of 160 months is still warranted to

"reflect the seriousness of the offense" and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B); *see, e.g.*, *United States v. Wilson*, 716 F.3d 50, 53 (2d Cir. 2013) (affirming the denial of a motion to reduce sentence when "previously-imposed sentence of 168 months was 'necessary to protect the public and to deter further criminal behavior'"); *United States v. Diggs,* 718 F. Supp. 3d 298, 300 (W.D.N.Y 2024) (concluding "that a sentence reduction is not warranted in this case" after considering defendant's "lengthy criminal history" even with positive "behavior while incarcerated").

Accordingly, the Court will not reduce Mr. Gutierrez's sentence.

IV.   CONCLUSION

For the reasons explained above, Mr. Gutierrez's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 is **DENIED**.

**SO ORDERED** at New Haven, Connecticut, this 20th day of December, 2024.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge