JAN 12 2026 PM 3:15
FILED - USDC - BPT - CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

United States of America
Plaintiff,

v.                                                    Criminal No. 3:16-cr-114 (VAB)

Bobby Gutierrez
Defendant

# RENEWED  MOTION FOR SENTENCE REDUCTION

### *Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821*

Defendant Bobby Gutierrez, respectfully files as a pro se litigant renews his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 821 to the United States Sentencing Guidelines. This motion is based upon his continuing eligibility under Amendment 821 and on significant post-sentencing developments demonstrating rehabilitation and successful reintegration, which materially change the balance of factors under 18 U.S.C. § 3553(a).

### *I. Procedural Background*

On April 24, 2017, the Court sentenced Mr. Gutierrez to 160 months of imprisonment followed by five years of supervised release for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). See Judgment, ECF No. 308. The Court also imposed a concurrent 24-month sentence for violation of supervised release in United States v. Gutierrez, No. 3:02-cr-27 (VAB).

On December 20, 2024, the Court denied Mr. Gutierrez's prior motion to reduce sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821. See Ruling and Order on Motion to Reduce Sentence, ECF No. 546. The Court held that although Mr. Gutierrez was eligible for a reduction—his criminal-history category having been lowered from IV to III, with a new guideline range of 121 to 151 months—the § 3553(a) factors then weighed against reduction because the original offense occurred while he was on supervised release and the Court deemed a 160-month sentence necessary for deterrence and just punishment.

The present motion renews that request based on post-sentencing facts not before the Court when it issued ECF No. 546.

### II. New Factual Developments

After service of the custodial term, the Bureau of Prisons released Mr. Gutierrez to community custody on January 30, 2025, at the Tampa Residential Re-entry Center operated by GEO Group. This placement was pursuant to 18 U.S.C. § 3624(c) and the First Step Act.

On February 24, 2025, Mr. Gutierrez obtained full-time employment with FutureCoil Inc., where he continues to work productively. His employer has verified consistent attendance, good performance, and reliability.

Because of his good conduct, the Bureau of Prisons approved his transfer to home confinement in Brandon, Florida, on April 24, 2025. Since that date he has remained under supervision without any disciplinary incident or violation. GEO Group supervising staff confirms full compliance with all conditions.

During this period, he has remained steadily employed, drug-free, and financially self-supporting. These developments demonstrate genuine rehabilitation and successful community reintegration—precisely the type of conduct the Court sought to encourage when it imposed the original sentence.

### III. Legal Standard

Under 18 U.S.C. § 3582(c)(2), the Court may reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," after considering the § 3553(a) factors and if the reduction is consistent with U.S.S.G. § 1B1.10.   See Dillion Vs. United States  560.U.S.817, 2010.  In its prior ruling (ECF No. 546, at 2-4), the Court already found Mr. Gutierrez eligible because Amendment 821 retroactively lowered his guideline range. The only remaining issue is whether the § 3553(a) factors, as they now stand, justify a discretionary reduction.

### IV. Application of § 3553(a) Factors

At the time of sentencing, the Court emphasized the seriousness of the offense and Mr. Gutierrez's commission of that offense while on supervised release, concluding that an upward variance above 151 months was necessary for deterrence. See Sentencing Transcript, ECF No. 342, at 42-45. In its prior order, the Court reaffirmed those concerns but expressly noted Mr. Gutierrez's "strides while incarcerated, including taking classes and having no disciplinary record." (ECF No. 546, at 5.) The new evidence strengthens that positive record substantially.  Mr. Gutierrez has served the substantial majority of his sentence continuing to require full service of the remaining term provides little additional deterrent value.

Since release, Mr. Gutierrez has demonstrated full rehabilitation. He has maintained continuous lawful employment (FutureCoil Inc., since Feb. 24, 2025), complied with every supervision requirement, and exhibited exemplary conduct both in the halfway house and also on home confinement. He has thus addressed the Court's earlier concern about his ability to desist from criminal activity once back in the community.

### Deterrence and Protection of the Public {§ 3553{a}{2}(B}-{C}

Actual performance in the community is the strongest indicator of future behavior.  Mr Gutierrez's spotless record under structures release conditions shows that he poses no danger and that specific deterrence has been achieved.

### Avoidance of Unwarranted Sentencing Disparities {§ 3553{a}{6}

Thousands of similarly situated defendants have received reductions under Amendment 821.  Denying a modest reduction to a defendant who has demonstrated complete rehabilitation would create a disparity inconsistent with the uniform application of the amended guidelines.

At age 46, his risk of recidivism is statistically lower, and his conduct confirms it. His sentence has already accomplished its goals of deterrence and punishment, and further imprisonment would not meaningfully enhance public safety. The Probation Office previously recommended a reduction to 136 months, noting clear conduct and program completion (ECF No. 533, at 1). The factual record now provides even greater support for that assessment.

Given these developments, the § 3553(a) factors—particularly the "history and characteristics of the defendant" (§ 3553(a)(1)) and "the need ... to provide just punishment ... and to afford adequate deterrence" (§ 3553(a)(2)(A)-(B))—now favor a sentence reduction consistent with the amended guideline range. Mr. Gutierrez's current record of stability and compliance demonstrates that continued service of the original 160-month term would be greater than necessary to achieve the purposes of sentencing.

### V. Requested Relief

For the reasons stated above, Mr. Gutierrez respectfully requests that the Court reduce his term of imprisonment from 160 months to a term within the amended guideline range of 121 to 151 months, or, in the alternative, to time served, in light of his successful community transition while leaving intact all other provisions of the Judgment (ECF No. 308), including the five-year term of supervised release to be supervised by the U.S. Probation Office, Middle District of Florida.

## VI. Conclusion

Mr. Gutierrez's has done precisely what congress and the sentencing commission intended  § 3582{C}{2} and the first strep act to encourage: he has rehabilitated, reintegrated, and demonstrated that extended incarceration is no longer necessary to achieve the purpose of sentencing.   Respectfully, this court should exercise its discretion to grant this renewed motion and reduce his sentence to a term within the amended range to time served.

Bobby Gutierrez
Date:  January 07, 2026

## ATTACHMENTS:

- Letter from Bobby Gutierrez
- Employment verification letter
- Letter from Director of GEO Group
- Denied Passes from GEO
- Letter to GEO Director Mr. Whitman, addressing passes to attend my 9 yrs old sons events, that are either being denied or ignored
- Offer Letter For New Employment / Also loss of opportunity due to GEO Group

CERTIFICATE OF SERVICE

I, Bobby Gutierrez, Defendant, herby certify that on the 09th Day of January, 2026, a true and correct copy of the foregoing Motion 3582(c)(2) for Relief  was mailed via First Class United States postal service to the following:

CLERK OF COURTS
UNITED STATES COURTHOUSE
915 Lafayette Boulevard
Bridgeport, CT  06604

U.S. ATTORNEY'S OFFICE
1000 Lafayette Boulevard Cir # 10
Bridgeport, CT  06604

Bobby Gutierrez
718 Granite Road
Brandon, FL 33510
Bobbygut1215@gmail.com                                    January 07, 2026
Tel: 656-234-0197

The Honorable Judge Victor A. Bolden
915 Lafayette Boulevard, Suite 417
Bridgeport, CT  06604

Re: Request for Consideration under 18 U.S.C. § 3582(c)(2)

Dear Honorable Judge Victor A Bolden:

I respectfully submit this letter in support of my request for relief under 18 U.S.C.
§ 3582(c)(2). I understand that I am asking the Court to consider lowering my
applicable guideline range based on the Retroactive Amendment 821 Part A,
and I recognize the gravity of my prior conduct and the impact it has had on me,
my family and the public. I am writing not to make excuses and more importantly
i understand this was all gods plan and also to be transparent about my journey,
my current circumstances, and my genuine commitment to turning my life around
for the better.

I am a 46-year-old man who made numerous mistakes in the past which has
lead me to have spent 24 years of my life in institutions, from juvenile, Dept of
Corrections and 20 years in Federal Bureau of Prison. I accept full responsibility
for those actions. My harmful choices, including drug use, adversely affected my
family—financial stability, emotional well-being, and the welfare of my children.  I
recognize that my past decisions set back not only myself but also my loved
ones, and I deeply regret the pain I caused.

Drug usage played a significant role in my past behavior. There were times when
I felt that merely having a job would not provide enough to sustain my addiction
and responsibilities to care for my children.  This started at 14 years of age for
me when my daughter was born leading to choices that were irresponsible and
harmful.  I do not make excuses for these actions; I acknowledge the role  and
presures of wanting to provide for my child while being a child myself played in
allowing me to think that the choices i was making were justified. For my
addiction has always been more then drug use, i was addicted to a life style,
selling drugs and not thinking twice of the consiquences or effects these actions
would have on my life, my mental health, my family or the community

I have been in the Residential Reentry Center (RRC) for 1 year on January 30,
2026 and have been on home confinement for approximately 9 months.  I am a
father to a nine-year-old son who has witnessed the consequences of my past
behavior. His needs are urgent, and I strive to be present for him in meaningful

1

ways—attending his football and basketball activities, school events, and daily care. My family's situation is strained by the halfway house restrictions, which have limited my ability to participate in important routines—transportation to practices, picking up from after-school programs, and attending practices and games. I have attached documentation and passes that illustrate the challenges I face in obtaining ..permission to attend my son's activities. These restrictions hinder my capacity to contribute as a father and to support my son's development. My son's well-being remains my paramount motivation. I want to be a stable, responsible presence in his life and to demonstrate through actions that change is possible.

My mother, who is 67 years old, relies on me for support and care. Her health challenges often require me to be available and present, especially when she cannot manage certain tasks alone.

With all due respect your honor, I have an October 5, 2026, anticipated release date. Respectfully, at this point, allowing me to remain sentenced under a guideline range that has been lowered is no longer needed to attempt to prevent any deterant from criminal behavior. Based on my current progress and the prospect of relief under § 3582(c)(2), I am committed to continuing to comply with all conditions of supervision and to engaging in treatment and employment opportunities. I have a concrete goal of starting a medical courier business while on probation, which I believe can provide reliable income and structure to support my ongoing recovery and family responsibilities.

I understand that the Court's decision should reflect both the seriousness of my offense and the progress I have shown, as well as the importance of probation compliance to protect the community and support my rehabilitation. I also understand the Court's authority to grant or deny relief and pledge continued accountability, adherence to supervision conditions, and a commitment to rebuilding my life in a manner consistent with the law and with the safety of the community.

Your Honor, I respectfully request consideration for relief under 18 U.S.C. § 3582(c)(2) based on the amendment 821 Part A and also demonstrating my rehabilitation, current family responsibilities, and clear plan for productive employment and ongoing treatment.

Thank you for your time and consideration of my request. I am grateful for the opportunity to explain my circumstances and to demonstrate my readiness to move forward in a lawful and constructive manner.

Respectfully submitted,
Bobby Gutierrez

2



**FUTURECOIL.**™

November 5, 2025

To whom it may concern,

Bobby Gutierrez is a full-time regular employee at Future Coil. He has been a valuable team member with the company since February 24, 2025. Mr. Gutierrez works in the factory on our production line earning a base salary of $15.00 per hour or $31,200.00 annually. His employment at Future Coil is secure.

Should you have any questions or concerns please let me know. I can be reached via email at rnolan@futurecoil.com or by the number listed below Monday through Friday 8:30am – 4pm.

Kind regards,

*Rebecca Nolan*

*Office Manager*

1701 N 50th ST.,

Tampa, FL 33619

Office: (813) 405-8040



**FUTURECOIL.**



Future Coil, LLC * 1701 N 50th St, Tampa, FL 33619 * (813) 405-8040



# MEMORANDUM

**Date:** November 6, 2025

**To:** All Concerned

**From:** Larry Whitman, Facility Director

**Tampa Residential Re-Entry Center**
**5623 East Broadway Ave.,**
**Tampa FL 33619**

TEL: (561) 669-2774
www.geogroup.com

**Subject:** Bobby Gutierrez # 14560-014

Bobby Gutierrez, Register Number 14560-014, arrived at the Tampa Residential Reentry Center from the Federal Correctional Institution Miami, Florida on January 30, 2025. He obtained full time employment on February 26, 2025, at Future Coil, 1701 N 50Th St, Tampa, FL 33619. He was placed on home confinement on April 24, 2025, at his USPO and BOP approved release residence located at 718 Granite Rd, Brandon, FL, USA 33510. His current First Step Act release date is October 5, 2026. He has been incident report free since his arrival at our facility.

1



## ATTN: MS SALAS

2 messages

**Bobby Gutierrez** <bobbygut1215@gmail.com>                Wed, Oct 29, 2025 at 8:07 PM
To: Geo Case Manager Ms Salas, Work Specialist Ms Baker Or Carter <tamparrc@geogroup.com>

(Pass request)Bobby Gutierrez

Date requesting:11-3-2025

Time requesting:3:45 to 7:30

Location Name: Land O lakes rec center

Location address:3032 Collier pkwy Land O lake fl

Mode of transportion:ride

Reason: my sons first basketball game for his school

---

📷 **55612961892484448356.jpg**
768 KB

---

**TampaRRC** <TampaRRC@geogroup.com>                Thu, Oct 30, 2025 at 3:26 PM
To: Bobby Gutierrez <bobbygut1215@gmail.com>

Denied

---

**From:** Bobby Gutierrez <bobbygut1215@gmail.com>
**Sent:** Wednesday, October 29, 2025 8:07 PM
**To:** TampaRRC <TampaRRC@geogroup.com>
**Subject:** [EXTERNAL] ATTN: MS SALAS

[Quoted text hidden]



## ATTN,MS SALAS
1 message

**Bobby Gutierrez** <bobbygut1215@gmail.com>                Wed, Nov 12, 2025 at 7:46 AM
To: Geo Case Manager Ms Salas, Work Specialist Ms Baker Or Carter <tamparrc@geogroup.com>

(Pass request)Bobby Gutierrez

Date requesting:thur11-13-25

Time requesting: 4pm to 7pm

Location Name:Henderson charter school

Location address:10322 Henderson rd,33625

Mode of transportion:ride

Reason: my 9 year old sons school basketball ball game



# ATTN,MS SALAS

1 message

**Bobby Gutierrez** <bobbygut1215@gmail.com>                   Wed, Nov 12, 2025 at 8:08 AM
To: Geo Case Manager Ms Salas, Work Specialist Ms Baker Or Carter <tamparrc@geogroup.com>

(Pass request)Bobby Gutierrez

Date requesting:Sun 11-16-25

Time requesting:10am to 2pm

Location Name:Leto high school

Location address:4409 W Sligh Ave, Tampa, FL 33614

Mode of transportion:ride

Reason: my sons round 3 playoff game

Good Morning 8U Parents! 💚 💪

First off, a HUGE thank you for your continued support week after week — y'all have been showing up and showing out for these boys! 🙌 But guess what… we're not done yet!

🔥 ROUND 3 is THIS SUNDAY! 🔥
📍 Leto High School
4409 W Sligh Ave, Tampa, FL 33614
🏈 New Money vs. Pompano Chiefs
10:30am is game time



# Attn,Ms salas. (please forward to Mr Whitman)

1 message

**Bobby Gutierrez** <bobbygut1215@gmail.com>                     Fri, Nov 14, 2025 at 2:35 PM
To: Geo Case Manager Ms Salas, Work Specialist Ms Baker Or Carter <tamparrc@geogroup.com>

We spoke briefly regarding issues im have being approved to attent my childs games,you told me to email you with more info,

Manifestations School for Innovation and Learning | A microschool that prepares students for success beyond high school https://share.google/dsY1tS3VdQltc3LFu

This is the school my son goes to, very small school no gym for the kids to host there school home games so all there home games for the most part take place at different locations throughout the city,im pretty sure all these what would be home games all are outside of 7 miles which im being told, is the reason im being denied to attend my 9year old sons games

Also my son plays football on a 8 youth team,there hame games are more  the 7 miles,
There other game that are in tampa are more then 7 miles,
Im following all rules placed on my by Geo,working full time,
Paying child support,my son was born while in prison im just tryna be apart of his life and thos special moments,
He has a game this Sunday that I put a Pass in for and still have not heard a response back



**Bobby Gutierrez**

We are pleased to extend this formal offer of employment at CoverageX. You will also receive instructions for onboarding with Paycom, as well as first day instructions.

This offer is contingent upon the successful completion of a background check and the signing of our standard confidentiality agreements. The start date listed below is dependent on the background check clearing. If there are any delays in the background check process, your start date may be adjusted accordingly.

**Position**: Pre-Qualifying Screener
**Type:** Full Time
**Start Date**: 11/03/2025
**Location**: 14255 49th St N Building #1, Clearwater, FL 33762
**Compensation & Benefits**:

- **Hourly Rate**: $18/hr paid weekly
- **Commission**: Eligible for performance-based bonus immediately
- **Benefits**: Full benefits package including medical, dental, vision, life insurance, paid time off, and other company-sponsored programs are available after 90 days of employment.
- **Attendance:** You are expected to have 100% attendance within your first 60 days.

We are excited at the prospect of you joining the CoverageX team and contributing to our mission. Your efforts will have a direct impact on our success.

If you have any questions related to the terms of your offer, please reach out directly to your recruiter!



# Welcome to CoverageX – Offer of Employment & Next Steps

1 message

**Jalen Howard** <jhoward@coveragex.com>                    Wed, Oct 29, 2025 at 9:47 AM
To: bobbygut1215@gmail.com <bobbygut1215@gmail.com>
Cc: Devin Jones <djones@coveragex.com>

Hello Bobby, your onboarding and background check are complete, and you are approved to start Monday 11/10.

Please arrive no later than 10:00 am for training.
Looking forward to having you join the CoverageX team!



Jalen Howard
Director of Recruiting
@    jhoward@coveragex.com
🌐    www.coveragex.com
📍    14255 49th Street N #101 Clearwater,
     FL 33762

*Confidentiality Notice: This email and any attachments contain confidential information that may be protected by applicable protections and may also include non-public information. It is intended solely for the use of the designated recipient(s). If you are not the intended recipient, please notify the sender immediately by reply email and permanently delete this message from your system. Any review, use, dissemination, distribution, or reproduction of this message by anyone other than the intended recipient is strictly prohibited and may be unlawful.*

**From:** Jalen Howard <jhoward@Coveragex.com>
**Sent:** Monday, October 27, 2025 5:11 PM
**To:** bobbygut1215@gmail.com <bobbygut1215@gmail.com>
**Cc:** Devin Jones <djones@Coveragex.com>
**Subject:** Welcome to CoverageX – Offer of Employment & Next Steps

[Quoted text hidden]



# Welcome to CoverageX – Offer of Employment & Next Steps

1 message

**Jalen Howard** <jhoward@coveragex.com>          Mon, Nov 10, 2025 at 3:58 PM
To: bobbygut1215@gmail.com <bobbygut1215@gmail.com>
Cc: Devin Jones <djones@coveragex.com>

Hi Bobby,

I wanted to follow up after speaking with Ms. Baker regarding the partnership for employment. It appears the reporting requirements are more extensive than what was initially discussed. After reviewing this with our HR leadership team, we've determined that we're unable to meet the additional conditions being requested by TampaRRC.

Because of this, we'll need to withdraw our employment offer at this time. Please know this decision is based solely on the external conditions of employment and not on your qualifications or performance.

We appreciate your time, interest, and professionalism throughout this process and wish you the very best in your future endeavors.

Get Outlook for iOS

**From:** Jalen Howard <jhoward@Coveragex.com>
**Sent:** Wednesday, October 29, 2025 9:47:12 AM

**To:** bobbygut1215@gmail.com <bobbygut1215@gmail.com>
**Cc:** Devin Jones <djones@Coveragex.com>
**Subject:** Re: Welcome to CoverageX – Offer of Employment & Next Steps

718 GRANITE ROAD
Brandon, FL 33510



CERTIFIED MAIL®

9589 0710 5270 3564 8746 64

RETURNED RECEIPT
REQUESTED SHOWING ADDRESS
WHERE DELIVERED

U.S. DISTRICT
U.S. CLERK O
915 LAFAYE
Bridgeport

ATTN: Honor
Vict