**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff*,<br><br>    v.<br><br>BOBBY GUTIERREZ,<br>    *Defendant.* | No. 3:16-cr-0114 (VAB) |

**RULING AND ORDER ON MOTION TO REDUCE SENTENCE**

Bobby Gutierrez ("Defendant") has filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Mot. for Reduction of Sentence, ECF No. 547 ("Mot.").

The Government opposes a reduction in sentence. *See* Mem. in Opp. to Def.'s Mot. for Reduction of Sentence, ECF No. 549 ("Mem. in Opp.").

For the following reasons set forth below, Mr. Gutierrez's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) is **GRANTED**.

**I.      BACKGROUND**

On November 21, 2016, Mr. Gutierrez pled guilty to Counts One and Two of a three-count indictment charging him with conspiracy to possess, with intent to distribute, five kilograms or more of cocaine and one kilogram or more of heroin in violation of 21 U.S.C. §§846, 841(b)(1)(A)(ii) and 841(b)(A)(i). Plea Agreement, ECF No. 146.

On April 24, 2017, the Court sentenced Mr. Gutierrez to a term of imprisonment of 160 months on Counts One and Two, to be served concurrently; a five-year term of supervised release; and a special assessment of $200. Judgment, ECF No. 308. Count Three was dismissed upon the Government's oral motion. Minute Entry, ECF No. 295.

On July 9, 2020, Mr. Gutierrez filed a motion to reduce his sentence under the First Step Act. First Mot. to Reduce Sentence, ECF No. 477.

On August 3, 2020, the Court denied this motion. Ruling and Order on First Step Act Mot., ECF No. 485 ("Order on First Step Act Mot.").

On December 26, 2023, Mr. Gutierrez filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Mot. for Reduction of Sentence, ECF No. 531 (December 26, 2023).

On January 5, 2024, the Probation Office filed a supplemental presentence investigation report and sentencing recommendation related to Mr. Gutierrez's motions. Presentence Investigation Report, ECF No. 532; Sealed Sentencing Recommendation, ECF No. 533 ("Sentencing Rec.").

On January 29, 2024, counsel for Mr. Gutierrez filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(2). Mot. to Reduce Sentence, ECF No. 539.

On February 5, 2024, the Government filed a response to both motions to reduce sentence. Response re Mot. to Reduce Sentence, ECF No. 540 ("Response").

On February 7, 2024, Mr. Gutierrez filed a reply to the Government's response. Reply, ECF No. 541.

On December 20, 2024, the Court denied Mr. Gutierrez's motion to reduce sentence. Order on Mot. to Reduce Sentence. ECF No. 546 ("Order").

On January 30, 2025, the Bureau of Prisons released Mr. Gutierrez to community custody at the Tampa Residential Re-entry Center, which is operated by GEO Group. Mot. at 2.

On April 24, 2025, the Bureau of Prisons transferred Gutierrez to home confinement in Brandon, Florida. *Id*

On January 12, 2026, Mr. Gutierrez *pro se* filed a renewed motion to reduce his sentence. Mot.

On February 10, 2026, the Government filed a memorandum in opposition to the motion for sentence reduction. Mem. in Opp.

On March 6, 2026, Mr. Gutierrez filed a reply to the Government's memorandum in opposition. Reply to Response, ECF No. 550 ("Reply").

## II.     STANDARD OF REVIEW

Under 18 U.S.C. § 3582(c)(2), "a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive." *United States v. Elendu*, No. 20-CR-179-14 (DLC), 2024 WL 458643, at *2 (S.D.N.Y. Feb. 6, 2024) (citing *United States v. Martin*, 974 F.3d 124, 136, 139 (2d Cir. 2020)).

Courts must arrive at two conclusions before applying a retroactive guidelines amendment to a particular sentence: (1) "the court must find that a defendant is eligible for a reduction"; and (2) "the court, in its discretion, must find that a reduction is merited." *United States v. Blackwell*, No. 3:20-CR-126-4 (OAW), 2024 WL 489155, at *1 (D. Conn. Feb. 8, 2024) (citing *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

"[A] court may reduce the term of imprisonment after considering the factors set forth in section 3553(a)[,] and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission" in U.S.S.C. § 1B1.10. *Martin*, 974 F.3d at 136 (citation omitted). A reduction in sentence under § 3582(c)(2) is not a plenary sentencing, *Dillon*, 560 U.S. at 827, and generally, courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is

less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

## III.    DISCUSSION

"Amendment 821 went into effect on November 1, 2023, and was made retroactive by the United States Sentencing Commission." *United States v. Akintola*, No. 21 CR. 472-3 (KPF), 2024 WL 1555304, at *13 (S.D.N.Y. Apr. 10, 2024) (citing U.S.S.G. § 1B1.10(d)). "Part A of Amendment 821 modified the calculation of 'status points' added to a defendant's criminal history score under U.S.S.G. § 4A1.1. . . . Amendment 821 eliminated [subsection 4A1.1(d)] and replaced it with the following provision: 'Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.' *Id.*; U.S.S.G. § 4A1.1(e)." *United States v. Lucas*, No. 22-cr-290, 2024 WL 3718658, at *2 (E.D.N.Y. Aug. 8, 2024).

Both parties agree that, under Amendment 821, Mr. Gutierrez would not be assessed any "status points," whereas under the previously guidelines he would have been assessed two status points. *See* Response at 9–10; Mot. at 1. Two fewer status points places Mr. Gutierrez in criminal history category III, instead of category IV. *See* Response at 10–11; Mot. at 1. When the Court first sentenced Mr. Gutierrez, the sentencing guideline range was 135 to 168 months. *See* PSR at 2. The adjusted sentencing guideline range is 121 to 151 months. *See* Mot. at 1; *see also* PSR at 2. Therefore, Mr. Gutierrez is eligible for a reduction. *See Dillon*, 560 U.S. 817, 826 ("A court must first determine that a reduction is consistent with § 1B1.10[.]").

The Court denied Mr. Gutierrez's December 2024 motion to reduce his sentence after "consider[ing] whether the authorized reduction [was] warranted, either in whole or in part,

according to the factors set forth in § 3553(a)." *Id.* The Court recognized Mr. Gutierrez's positive efforts while incarcerated, including "taking classes and having no disciplinary record for [that] period of [time]." Order at 5. Nonetheless, the Court denied the motion because "[t]he Section 3553(a) factors and Mr. Gutierrez's criminal history . . . weigh[ed] against reducing his sentence." *Id.* Mr. Gutierrez committed the offense connected to this sentence "while on supervised release from a 151-month sentence for drug trafficking." *Id.* The Court decided that since "the current offense occurred while on supervised release from a 151 month sentence – the previously imposed sentence of 160 months is still warranted to 'reflect the seriousness of the offense' and 'afford adequate deterrence to criminal conduct.'" *Id.* (internal citations omitted).

Mr. Gutierrez argues that his conduct since the prior motion shows his continued progress, exhibiting his rehabilitation and rendering "the continued service of the original 160-month term [to be] greater than necessary to achieve the purposes of sentencing." Mot. at 3. Mr. Gutierrez requests that the Court reduce his term of imprisonment from 160 to a range of 121 to 151 months, which fits within the amended guidelines. In the alternative, Mr. Gutierrez requests a reduction to time served "in light of his successful community transition while leaving intact all other provisions of the Judgment (ECF No. 308), including the five-year term of supervised release." Mot. at 3.

Since his transfer to community custody in January 2025, Mr. Gutierrez has maintained consistent employment, fulfilled all requirements of his supervision, and maintained a drug-free lifestyle. *Id.* In April of 2025, the Bureau of Prisons transferred him to home confinement on account of his good behavior. *Id.* Mr. Gutierrez has "remained under supervision without disciplinary incident or violation" and his "supervising staff confirm full compliance with all conditions" of his home confinement. *Id.* at 2. Mr. Gutierrez argues that "[h]e has thus addressed

the Court's earlier concern about his ability to desist from criminal activity once back in the community." *Id.* Instead of reverting to criminal activity, he has "demonstrate[d] genuine rehabilitation and successful community reintegration – precisely the type of conduct the Court sought to encourage when it imposed the original sentence." *Id.* at 2.

Mr. Gutierrez argues that these positive developments affect the balance of factors enumerated in Section 3553. He argues that men of his age, 46, are at a statistically lower rate of recidivism. *Id.*; 18 U.S.C. § 3553(a)(1). Given that "actual performance in the community is the strongest indicator of future behavior," Mr. Gutierrez argues that his "spotless record" upon release into community custody "shows that he poses no danger and that specific deterrence has been achieved." Mot. at 3; 18 U.S.C. § 3553(a)(2)(B)-(C). Next, he argues that his good conduct proves that "[h]is sentence has already accomplished its goal of deterrence and punishment, and further imprisonment would not meaningfully enhance public safety." *Id.* Mr. Gutierrez argues that the need to avoid unwarranted sentencing discrepancies under Section 3553(a)(6) supports a reduction in his sentence. *Id.* at 3. Mr. Gutierrez argues that because he "has served the substantial majority of his sentence continuing to require full service of the remaining term provides little additional deterrent value." *Id.* at 2.

Furthermore, Mr. Gutierrez argues that the court should reduce his sentence because restrictions under confinement have caused him hardship in his professional and personal life, which hinders reintegration into society. Reply at 4. Specifically, the terms of confinement caused Mr. Gutierrez to lose a better paying job opportunity. *Id*. Mr. Gutierrez was offered a position at CoverageX which paid more than his current position, but CoverageX rescinded the employment offer because they were "unable to meet the additional conditions being requested by [the group that supervises Mr. Gutierrez's confinement]." Mot. at 16. CoverageX noted their

6

"decision [was] based solely on the external conditions of employment and not on [Mr. Gutierrez's] qualifications or performance." *Id.*

Mr. Gutierrez argues that the terms of his home confinement have made it difficult to participate in his nine-year-old son's life. *Id.* The distance restrictions have kept Mr. Gutierrez from attending his son's sports games and practices. *Id.* Mr. Gutierrez attempted to get an exemption to see his son's activities multiple times using the proper administrative remedies but has been unsuccessful. *Id.* Mr. Gutierrez argues that these hurdles, combined with "the compelling post-sentencing developments demonstrat[e] rehabilitation and stable community reintegration" suggest the Court should reduce his sentence. Reply at 4.

The Government opposes the motion and argues that Mr. Gutierrez should serve out his full term, since the reasoning for the Court's initial denial still applies today. Mem. in Opp. at 1-2. The Government argues that since Mr. Gutierrez committed the underlying offense while on supervised release for a prior crime, a reduction in his sentence would therefore "both undermine the sentencing goals that his original sentence was designed to promote, and would also run a risk of inflicting harm to the community." *Id.* at 2-3. The Government argues that "Mr. Gutierrez has been rewarded for his hard work with home confinement," but continued supervision is necessary "to ensure his continued success and deter the possibility that he reverts to criminal activity." *Id.*

The Court disagrees.

Mr. Gutierrez's conduct since release to community custody shows that the Section 3553(a) factors no longer weigh against a reduced sentence. Mr. Gutierrez's compliance with home confinement, including his consistent employment, indicates that there is no longer a factual basis for suggesting that he continues to pose a threat to the community and that he has

been successfully rehabilitated without the need for the heightened sentence. Mot. at 3. After Mr. Gutierrez's transfer to community custody, he was hired by Future Coil Inc. as a full-time employee. *Id.* Mr. Gutierrez continues to work for Future Coil, which "has verified consistent attendance, good performance, and reliability." *Id.* His supervising staff at GEO Group have reported his compliance with all conditions of his home confinement. *Id.*

A reduction in sentence will also allow Mr. Gutierrez to pursue professional opportunities and cultivate personal relationships that will aid his reintegration into the community and promote his continued good behavior. Since his release to community custody, Mr. Gutierrez has remained drug-free and consistently paid child support. *Id.* at 3, 13. A reduction in sentence will allow Mr. Gutierrez to be meaningfully involved in his nine-year-old son's life and to care for his mother, who requires support. *Id.* at 6-7.

Accordingly, after considering the Section 3553(a) factors, the Court will grant Mr. Gutierrez's motion and his sentence shall be reduced to 151 months,[1] a  sentence which reflects the seriousness of Mr. Gutierrez's offense and is "sufficient, but not greater than necessary" to achieve the statutory goals of sentencing. 18 U.S.C. § 3553(a).

## IV.    CONCLUSION

For the foregoing reasons, Mr. Gutierrez's motion to reduce his sentence is **GRANTED**. His sentence will be reduced to 151 months, with five years of supervised release to follow.

**SO ORDERED** at New Haven, Connecticut, this 22nd day of May, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[1] The parties acknowledge that Mr. Gutierrez's current release date is set for October 5, 2026. Mem. in Opp. at 2; Mot. at 7. Thus, even imposing the maximum sentence of 151 months under the amended guidelines, Mr. Gutierrez's release date will be immediate.